USA v. Antoine Woods 2012-15 USA v. Austin Woods v. United States of America Oral argument as follows, 10 minutes for each defendant, 20 minutes for the plaintiff Mr. Shadd from Mr. Woods and Mr. Lazarus from Antoine Woods Mr. Shadd will be arguing first Good morning your honors, may it please the court I'm here this morning representing Austin Woods And I have reserved 2 minutes for rebuttal if I may Thank you So your honors, Mr. Austin Woods has been charged and convicted of two crimes One is a conspiracy to commit murder in aid of racketeering And the second is an 18 U.S.C. section 924 gun offense That the underlying offense is related to one of those murder attempts That underlies the conspiracy For two independent reasons, we believe that both of those convictions need to be vacated And I'd like to first draw the court's attention to the 18 U.S.C. section 924 C offense And it's kind of unusual because in this case the government and I Actually share a lot of common ground as to this issue And there's really only one overall point of contention So for purposes of appeal the government has conceded That the only theory of liability in which they're proceeding on With regards to the 924 C offense is a Pinkerton theory of liability Even though 18 U.S.C. was charged and there was some discussion of Principal liability in the jury instructions They're only proceeding on Pinkerton liability as to this count 11 in the indictment Second, as to count 1 in the indictment Which is the conspiracy to commit murder in aid of racketeering We both agree that that does not have as an element An element of use of force or the attempted use of force So it cannot be a crime of violence for purposes of 18 U.S.C. section 924 C And finally, we both agree that if 18 U.S.C. section 1959 A5 Which is the conspiracy If that were the underlying offense for the 924 C That pursuant to this court's decision in Ledbetter It cannot, and also the United States case in Davis It cannot be an underlying offense for purposes of 924 C So then it really comes down to What was the underlying offense that the jury found That supports the 924 C conviction in this case And in its brief, the government asks you to take a look At the jury instructions and the jury verdict form Because that tells us what happened with the jury in this case So when you look at the jury instructions, however It's actually clear that the jury relied on the conspiracy At least as to Appellant Austin Woods to support this conviction And I'm going to cite the court to the record at page ID number 5470 And that's the important jury instruction that relates to this specific Count 11 offense And in that, the district court, which it should have, went through What Pinkerton liability was And said, basically, if you find that the defendant was a member of the conspiracy charged in Count 1 And if you find that one defendant actually was involved in the firearm offense And the firearm offense was reasonably foreseeable as part of the conspiracy Then you have to find Appellant Austin Woods guilty of the 924 C offense That shows us, I think, beyond any reasonable argument That the underlying offense for the 924 C count was, in fact, a conspiracy count And under Ledbetter, it just simply can't be an underlying or qualifying offense for 924 C Because it's not a crime of violence So as to Austin Woods, who was only convicted of conspiracy And only convicted of one 924 C count The 924 C count cannot stay And if you follow Ledbetter, then that is the end of that particular count of conviction Mr. Shedd, can I ask you something? I have been puzzling over this issue And you have been around for a long time as a lawyer And I've been around for a long time as a judge And I can't figure out I've never seen an indictment which didn't charge a defendant With both the predicate offense and the 924 C And this indictment does not do that with respect to your client Do you have any prior experience with this sort of charging? I understand you're a defense lawyer So this is kind of a warning for the government Where I might be going No, I've never actually seen it before I know that there is case law And I believe the AUSA did cite to it that says Obviously, you don't have to charge the underlying crime of violence or drug trafficking offense To get a 924 C But in this case, I've never This is the first Oh, I'm sorry, I didn't hear you This is the language of the statute, right? Of 924 C Exactly Absolutely But, you know, I've never I've never actually had this factual scenario come together Where it's Pinkerton liability And there's no charge on the substantive offense But there is a 924 C charge It does make it difficult And you know what makes it even more difficult is You know, had the government actually So had the government actually charged the 924 C Under the conspiracy offense Under the count 1, right? Had they tied those two together in the indictment There would be absolutely no question here Because I'm going to let better It would be a done deal, right? And this indictment came down well before The Davis case ever came out But, you know what? The problem here is that the government is trying to have its cake and eat it too It's trying to tell us, look We have this Pinkerton liability theory Which is the mens rea for Austin Woods in this case And so we're only going to rely on conspiracy But when you're looking at What is the offense of conviction underlying Then I would want you to look at this other Uncharged offense where we don't even name Austin Woods And we want you to rely on that for purposes of the 924 C And yet at the same time We're going to argue to the jury And the jury instructions are going to be Look at the conspiracy If he's guilty of the conspiracy And it's reasonably foreseeable Then he's guilty of the 924 C And so it's It's eminently unfair For a defendant to have to Face this kind of unusual Charging document Where the, you know It would be a lot easier had they tied it And they named it The predicate offense For this particular 9 For the particular 924 C charge That's in, I think, count 11 Is count 9 And the conspiracy count Alleges a conspiracy to kill James Williams And James Williams is not the subject of count 9 Somebody else is Eric Green, his cousin Well, to add further confusion to this Judge Gibbons Pardon me I'm sorry, you keep cutting out But to add further confusion to this Eric Green is listed in the jury verdict form As the victim under counts 9 and 10 But actually in the indictment he is not So that presents yet another problem So the I'm out of time I was going to talk about issue 1 But I don't have any further time I'll come back to you You can answer the question Thank you Alright We have Mr. Lazarus next Yes, good morning your honors I may have pleased the court Jeff Lazarus on behalf of the appellant Antwon Woods I would like to reserve two minutes for rebuttal if I may In this case Antwon Woods received a mandatory and consecutive 240 months For his convictions in counts 5 and 11 Both of which were convictions under 18 United States Code 924C As set forth in the jury instructions at trial These counts were predicated on a theory of liability Under Pinkerton v. United States Because Pinkerton liability lowers the applicable mens rea And is categorically over broad A conviction based on Pinkerton liability Cannot support a 924C conviction Found in Supreme Court's holding in United States v. Davis Therefore Mr. Woods' convictions in these two counts must be vacated The jury instructions for counts 5 and 11 Explicitly provided that Mr. Woods could be convicted of these 924C counts Under Pinkerton liability for substantive offenses committed by others That's the title of the jury instruction Under this theory of prosecution Any member of a conspiracy is liable For offenses committed by co-conspirators Even if he did not participate in them As long as the offenses were done in furtherance of the conspiracy They fell within the scope of the unlawful project And they were reasonably foreseeable As a result Mr. Woods was convicted of a 924C Without ever possessing or firing the actual firearm But simply under Pinkerton liability Because he was a member of the conspiracy And the conspiracy did so Allowing Pinkerton liability lowers the burden On the government to prove the offense And following Davis his conviction cannot stand Davis removed the residual clause from 924C Reducing the number of offenses That could qualify for a 924C offense Post Davis a 924C conviction Must show that the defendant knowingly possessed The firearm in furtherance of a crime of violence More specifically that he acted voluntarily and intentionally By contrast Pinkerton removes the knowingly mens rea requirement And instead the elements are met When a defendant joined the conspiracy And a member of the conspiracy Possessed a firearm in furtherance of a crime of violence In essence this is vicarious liability for a 924C And the test here in order to convict my client Under Pinkerton is reasonable foreseeability Reasonable foreseeability is a far far distance from knowingly And fails to meet the requirements of 924C And what is mandated by the Supreme Court Following the holding in Davis The government here seeks to do what the government Attempted to do in Davis as well Which is in which the government here Seeks to abandon the categorical approach And use a case specific analysis The Supreme Court in Davis rejected that possibility And this court should reject the government's attempts to do so here Categorically a 924C premised on Pinkerton liability Violates the holding of Davis This is an issue of first impression for this court But this court should be Apparently our machines aren't We temporarily launched you completely The situation for you, your client Is a bit different from that of Mr. Shad's client And what I want to ask you about is The I momentarily forgot what I wanted to ask you Oh, I know Did you object to the giving of the Pinkerton instruction? I do not believe so your honor But the verdict came before the court's holding in Davis What's the standard of review here? Your honor, it does bear noting that There was post-briefing on Davis on this issue So we believe that the standard of review is de novo Because it addresses whether the 924C Is properly applied under the law Is it possible that any error As to your client was harmless Whether that would apply to Mr. Shad's client or not I'm not sure What would your response to that be? There was evidence Your client was charged with both the predicate offense And the 924C And he was convicted of the predicate offense I'm not sure that with respect to your client It makes a whole lot of difference That the Pinkerton instruction was given What would you say to that? Well your honor, we don't know what the jury relied upon The district court gave the jury instruction With three possible scenarios And one of which was Pinkerton So the jury could have relied on Pinkerton liability As it's sole basis for this conviction in count 5 and 11 But also, there is case law that says that A violation of 1959A5 Is categorically over broad Both from the 4th circuit and the 5th circuit So even those predicate offenses Could be categorically over broad As applied to Anton Woods as well Does that answer the court's question? Probably Okay But really we are challenging categorically Whether Pinkerton applies in total To these 924C offenses And this really is an issue of first impression Before this court But this court should be guided by It's prior precedence that holds that Conspiracies are insufficient As Mr. Shadd alluded to with Ledbetter A 924C charge predicated on a conspiracy cannot stand And that is consistent with this court's holdings In which this court has previously held That Pinkerton liability is quote Necessarily premised on the existence of a conspiracy And that's United States v. Henning So a conviction based on Pinkerton liability Is tantamount to a conviction based on a conspiracy Following this court's precedent and Davis Such a 924C conviction can no longer stand And therefore we ask this court to vacate Mr. Woods' convictions on counts 5 and 11 Okay Any further questions? No You'll have your rebuttal time Thank you very much your honor Alright Mr. Sloan Good morning your honors May it please the court My name is William Sloan And I represent the United States in this case The central issue in this appeal As I think was made evident by Prior to counsel and the court's questions The central issue is whether The defendant's 924C firearm convictions Are valid as a matter of law Given that a Pinkerton jury instruction was given They are But up front I want to clarify one issue Which the court already got into And that is This issue really only impacts Austin Woods Because only Austin Woods was convicted Solely on a Pinkerton theory of co-conspirator liability His brother Antoine by contrast As the court pointed out Was convicted on a principle theory of liability And therefore harmless error would apply here And we know this for this reason The jury convicted Antoine Woods Of the substantive by-car offenses That were the predicates for each 924C Count 5 and Count 11 But the jury was not instructed on Pinkerton As to those substantive by-cars Pinkerton was only given as to 924C And so therefore the jury must have convicted Antoine As a principle on the substantive by-cars And it stands to reason that the companion 924Cs Were also in the jury's view Convicted on principle liability So as to Antoine Even if the defendants Finish your sentence I want to move to something else Yes Judge Even if the defendants were right about their Davis-based argument here Harmless error analysis would not Antoine's convictions for 924C would still stand Can we talk about Austin a minute? Yes Judge It seems to me That You've got a situation Where you haven't You haven't charged Austin With predicate offenses Or at least count 9 And count 11 I guess 11 would be the 924C 9 is the predicate act And you didn't charge him presumably Because you didn't believe That the jury could find him Guilty of either being the principle Or an aider and a better With respect to that offense So you've tried to use Pinkerton To convict him only of a conspiracy And yet You clearly didn't think he had the requisite intent For conviction of the predicate offense Should I be bothered by that? I can't exactly pinpoint Case law that says that's not permissible But it just seems to me Real overreach in charging And My sense is that it's not right But I haven't been able to Exactly figure it out yet Can you try to convince me why it is right? Yes Your Honor So you're right Your Honor I think the government would acknowledge It may have been a more logical Way to charge this case To have charged Austin Woods With not only the 924C But also the predicate offense You've heard me say That I had been around for a long time Before I had this job I was a district judge for 19 years And I've never seen anyone Charged with 924C Who hasn't also been charged With the predicate offense Understood Judge Again the government would acknowledge that However I would submit that It doesn't really I think you usually Judge usually tells the jury The conviction of the predicate offense Is necessary for conviction Of the 924C charge If my memory serves me right Your Honor that's right But the reason I don't think it matters here Is because in order to convict On a 924C One of the elements of that offense Is that the jury had to find That someone, the principal Committed the underlying Substantive vicar And that's exactly what happened here So the jury first found That his brother Antoine Convicted, excuse me Committed these two vicars Ordinarily it makes a difference Who's doing the committing And your answer is Basically it doesn't matter Because somebody did it It must matter whether it's Austin Who did it Don't you think? Well your Honor I guess I would say this I think the case would come out the same way Whether or not the government Had charged the predicates Because the government readily concedes It used Pinkerton here And so the jury If the government had charged The underlying predicates For Austin The jury likely would have found him guilty Of that predicate as well  The way Pinkerton works Is that Because he was a member of the conspiracy And this substantive vicar Was committed by his brother After Austin joined And it was reasonably foreseeable Both the substantive vicar And the 924C Were reasonably foreseeable to Austin And therefore He's guilty of both And just to finish the point your Honor The jury had to find All the elements Of the substantive vicar In order to convict on the 924C And so again  Charging structure The end result is the same And I would just point the court to United States v. Smith 182 F. 3rd 452 Which is a 1999 decision from this court Just indicating that The predicate for 924C Need not be charged or convicted Now Your Honor if I may Just again focusing on Austin once here For a moment Data simply has no impact On this case As your Honor I think pointed out There were substantive Crimes of violence Charged as the predicates here Data simply said that Categorically a conspiracy offense In and of itself Does not categorically involve the use Attempted use or threatened use of force But that's not the situation we have here You know to give the court an example If this case had been charged with Just count one Vicar murder conspiracy And the 924C was predicated on that Then the defendants would be right Davis would apply But that's not the situation here There's a murder conspiracy count Of which Austin and Antoine were convicted And then there were in fact Actual crimes of violence Force was used here And as long as the requirements of Pinkerton are met That is a conspiracy exists Austin was a member of it And the substantive offenses Were committed in furtherance of And were reasonably foreseeable to him Then he is liable As an accomplice I mean Mr. Shad is right This is a vicarious theory of liability But it is the law And it's one that's existed for over 70 years And it's a Purpose In charging it in this way Would have been to try to run up some Penalties With respect to Austin And who's While certainly involved A lesser involved individual Right That would be the strategy You know I'm not sure I heard the beginning of your question But I think it was about whether Charging the predicates or not was Strategic The only conceivable reason For charging this case In this way Could it was all about the penalty You're trying to run up 924 C Conviction which would be Consecutive and you give Austin A longer sentence right No your honor That's not right and in fact I think there's an argument here this was in a way Undercharged for the reasons I've already said The government's evidence Under Pinkerton could have convicted Austin for the predicate as well As the 924 C so in one sense He's facing less exposure because He doesn't have a vicar conviction But I think your honor What's important about this case to note is Austin Woods is a perfect Case in point of why Pinkerton liability Exists here is someone Who but for Pinkerton Would get away with murder Just because he didn't personally pull the trigger But the trial evidence showed That Austin was very involved in this murder Conspiracy perhaps the most compelling Evidence of that Is that he sent two Text messages to his brother Antoine And a fellow gang member Donovan Rimes On November 30th of 2015 Just three weeks before the Alder Street shooting happened And in those text messages He said to his brother and Donovan Rimes Check the address in this link This is where he's hiding I guarantee it And context matters here We know that Austin could Foresee and intended for his brother To go then shoot at that address Because other evidence showed That Mr. Austin Woods was actually present For a prior shooting There were two shootings on Grandmont Avenue On November 14th So about two weeks before the text message And Donovan Rimes testimony Plus historical cell site evidence Showed that Austin Woods was present Personally present for that shooting And so Pinkerton is appropriate here I'm sorry judge were you Okay sorry it's hard to tell on zoom Pinkerton was appropriate here Because Austin could foresee That future shootings would happen He researched and shared Addresses where they would happen But Pinkerton really fits the facts here Because you know unlike Aiding and abetting where advanced Knowledge under Roseman is required You know here It would have been maybe harder to show that Austin knew on a particular date That his brother was going to use a gun But certainly the evidence showed that when he Sent the address of the house to be targeted Of Baby James and his grandmother That he knew in the future at some point Guns would be used to shoot that house And importantly a shooting did happen Again just to come back to the point here This wasn't just a conspiracy In a vacuum Real shootings happened People were shot at, houses were shot And Austin was a voluntary member of that Conspiracy as the evidence overwhelmingly Showed You know also just note Again on this 924c issue You know I think Ruling the way defendants want Would pose several problems I mean first of all as I think we've already talked about It would just contravene the way Pinkerton law Works right now and Davis in no way Affects Pinkerton's applicability To 924c The defendants are asking this court to essentially Make new law to blaze a new trail Here and somehow narrow Pinkerton But there's just no reason To do that First of all you know this court Has never narrowed Pinkerton In the guilt stage liability In the Ham decision The court did narrow Pinkerton as to a sentencing enhancement In a drug death Resulting enhancement context But in that decision the court Specifically said Pinkerton has quote unquote Full force with respect to Guilt stage liability And that's what we have here I'd also suggest to the court that You know this sort of companion argument That mens rea is a problem Here and somehow Pinkerton Lowers the mens rea For 924c should be rejected For a couple reasons First of all The defendants forfeited this argument It is a new argument raised for the first time In their replies And therefore the court need not entertain it But if the court does getting to the merits of it It's just meritless The defendants point to Roseman for example to suggest That you know the Supreme Court On one hand has made the Resolution 924c by requiring Advanced knowledge and therefore this court Should do something similar for Pinkerton But there's no support for that In fact this court has already passed on the question In the 2016 Edmund case A defendant raised that exact point Suggesting that Roseman Somehow affected the Pinkerton framework And this court rejected that Said Roseman had no impact Because it was a different theory of liability And notably One of the cases This court cited for that Proposition was the Adams case In the 7th circuit Which made the argument that Roseman made aiding and abetting Somehow a higher requirement than Pinkerton In fact Roseman brought Aiding and abetting up to the level of Pinkerton Because what Roseman did Is said there must be some evidence That the defendant anticipated the use Of a firearm But Pinkerton already has that built in That's what reasonable foreseeability is The requirements that the defendant Must have reasonably foreseen His accomplice would use a gun And the evidence in this case was overwhelming On that point as to Austin Woods Can you tell us of a case Reported or unreported In any circuit That has a pattern That's analogous to this Defendant is charged In a conspiracy count Convicted Perhaps Under Pinkerton And then is charged with a 924C Offense Based on The Pinkerton liability For the conspiracy Any other case Where the conviction of the predicate Offense has not been required To impose 924C liability In this way You know I can't Point to a specific case Again I guess I would just reiterate The point that I think It doesn't really matter So for example in the Henry case That the 9th circuit reached exactly the conclusion The government is asking the court to reach here Which is that Pinkerton, aiding and abetting Both function the same way As alternate theories of liability And therefore Davis has no impact The culpability For aiding and abetting Is a different standard than the Pinkerton standard And it requires more Right Well your honor They are different standards But I would point out two things First they operate in the same way That is each theory has Separate requirements that must be met But if they are met and proved to the jury They work the same way They put the accomplice in the shoes Of the principal And that was the reasoning of this court in Richardson and in Henry And so unless the court Is going to decide that somehow Pinkerton Is fundamentally different from aiding and abetting As a theory of liability The Richardson logic would seem to indicate That this court should follow Henry's decision But again I don't think aiding and abetting is necessarily A higher scienter here Because again Aiding and abetting with Roseman Doesn't say anything in the world about reasonable Perceivability I mean you have to do something as an aider And abetter You have to have an affirmative act To help produce the result That the principal is carrying out Right? Yes your honor that's right Aiding and abetting does require an affirmative act Whereas conspiracy In this case by car conspiracy does not So it's a It's a way Of getting a 924C Conviction without Proving the predicate offense As to A particular individual No your honor I don't agree with that Because again Pinkerton could have been used To convict Austin of the Underlying predicate here It wasn't charged that way Again the government acknowledges that That may not be the most logical way to do it But all of the elements of that Substantive offense Were found to be committed under Pinkerton theory As to Austin in order to Convict him of the 924C So functionally it's as if he's been convicted Of the predicate under Pinkerton And that's just the way Pinkerton works So again there's just no compelling argument The defense has raised to somehow Narrow Pinkerton in this context And One way to think about this your honor is The defense is right that Pinkerton requires the existence of a conspiracy That's one of the requirements To prove Pinkerton But it's not the only requirement It's just one so Pinkerton does not equal A conspiracy Pinkerton requires a conspiracy right? Yes your honor But What's important your honor Is conspiracy is necessary But not sufficient For Pinkerton to apply For liability for a substantive offense In this case 924C Another requirement of Pinkerton Is that a principal commit all the elements Of the substantive offense Here that was proved His brother Antoine did commit Both the underlying predicates And the 924C And so I think it's a little bit Of a Shell game to say that Davis somehow Operates to make The conspiracy in count one here the real Predicate that's just not accurate Again this would Be a different case if only count one Were used as the predicate but that's not the case Substantive vicars were Charged they were committed They were proved to the jury And the evidence of trial showed that Austin Woods could reasonably Perceive those events again He was present for initial shooting in November And he sent the text messages of where To target the grandmother's house Which was then shot up on December 20th Was Eric Green was one of the people In the grandmother's house I'm sorry judge I didn't hear your question Was one of the people at the grandmother's house That's the question How does Eric Green get In the picture Oh sorry judge Yeah so What the evidence showed At trial just to step back a bit for the court Is that this was a murder conspiracy Targeting baby James but to Get at baby James Austin Antoine Researched where to find him to include at family Residences so as I already mentioned Austin looked at the grandmother's address From the text messages It's clear that the Woods brothers believed That's where he was hiding I just want to know who Eric Green is Is this the same Incident as the shooting at the Grandmother's house I'm sorry yes your honor it is Eric Green was a member of the Williams family And so when Antoine Woods shot up the elder street house On December 20th of 2015 Transferred intent came into play Again the Woods brothers Suspected that baby James was staying there That's why it's part of the conspiracy But Eric Green is the one Mentioned in the account of the indictment I hope that clarifies Right Because he was at the Grandmother's house right I'm sorry Your mic is only kicking in Later in the question Because he was at the Grandmother's house maybe mine's closer Eric Green Eric Green was at the grandmother's house That's why he was mentioned at all In the facts That's correct Judge Eric Green was inside the grandmother's house When the shooting occurred on December 20th Thank you Unless the court has further questions For the reasons articulated In the government's brief All of the convictions for both brothers should be Affirmed with the sole exception Of count nine which the government concedes Should be vacated But a full re-sentencing is not necessary Thank you Thank you your honor Just a couple of points from the record Now as to Judge Gibbons question with regards To aiding and abetting The court wrote that I spent an entire Issue in my initial brief Talking about why this wasn't Aiding and abetting because it wasn't clear From the district court record That the Government was solely relying On Pinkerton because The indictment talks about aiding and abetting The instructions talk about Aiding and abetting as to this count And so it seemed like it was In play it was only when the government Conceded in its Brief that it's only relying on Pinkerton that I could kind of Put that at rest but Again we're kind of To Judge Gibbons point you know aiding and abetting Requires this Extra piece Of doing something to further the Scheme which isn't Available in Pinkerton Pinkerton is a Is a massive tool That can be used by the government But once they use this They should at least be forced to Stick with it and that's what Occurred in this case so It was fine for them to Have this 924C count And the conspiracy count Before Davis Davis comes into play after the Jury verdict and it's no longer Viable for them to Tie those two together and now all of a sudden It's the count 9 Substantive count That they never even charged my client With that is now the Underlying in this case and that's what's wrong About this situation Again I would ask the court to just Take a look at the jury instruction At 2470 It shows you the map That was laid out for the jury in this case And it shows You that there was I'm sorry I'm wondering I started out telling you That saying that I couldn't exactly Figure out what was wrong with this picture I'm now wondering If what's wrong with the picture Is not so much Davis but just The difference You don't have to charge the predicate act But I'm wondering if the Degree of culpability required For Pinkerton and the variance Between that and what the Is for the predicate offense Even for an aider and abetter Is not the real problem here Does that Make any sense Yes and I think that is a problem Because again It just lowers the bar for the Government on this particular Issue and This is not going to be an issue that Keeps coming up again and again This is a unique situation that occurred In the midst of Davis And all this happening The government is not going to Tie 924C To conspiracies anymore After Davis We're not opening floodgates As my opposing counsel suggested here This is fixing a problem that occurred This one time and so for that reason We would ask that you would return the 924C Mr. Lazarus Yes thank you Your honor and I wanted to address The court's point and the government's Point about harmless error and I would also Direct the court to look at the Jury instruction that was offered I have it listed as page ID 3879 in which The court advises the jury That as to these 924C Counts against both defendants Mr. Woods Antoine Woods and Austin Woods Under the 924C count there are Three specific and individual Ways that the government can prove So it is feasible That the jury relied Specifically on Pinkerton liability In finding Mr. Woods Guilty of two 924C counts Now we are not challenging The substantive offense counts Counts 3, 4, 9 and 10 Are the substantive offenses that underlie These 924C counts Mr. Woods has received a significant sentence For that and we are not asking the court To vacate those specific counts Or that it affects a sentence We are only challenging the applicability Of the 924C count And if this court holds that the Pinkerton liability Makes the statute Categorically over broad Then the categorical approach prevents a conviction Under 924C Based entirely on Pinkerton liability So a finding of guilt On another substantive offense Is irrelevant to the application Of the categorical approach And I think the court Raises a good point about the degree of culpability Between the 924C Counts and the substantive counts In this case and that disconnect Is a problem because Pinkerton lowers The bar and following And we believe that in contrast To the government's claim that Davis does apply And that Davis did set forth The relevant legal standards And following that we would ask the court to vacate Mr. Woods convictions in both Counts 5 and count 11 Thank you very much We appreciate the argument you've all given And we'll consider the case Thank you  And move back to Kerber